**UNITED STATES of America, Plaintiff–Appellee**

v.

**Curtis Lamont TITUS, Defendant–Appellant.**

No. 10–50293
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 2010.

Joseph H. Gay, Jr., Assistant U.S. Attorney, Mark Randolph Stelmach, Esq., Assistant U.S. Attorney, U.S. Attorney'S Office, San Antonio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Assistant Federal Public Defender, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, Defendant–Appellant.

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Curtis Lamont Titus pleaded guilty without the benefit of a plea agreement to one count of possessing with intent to distribute crack and one count of conspiracy. The probation officer calculated an adjusted offense level of 25, which, combined with Titus's criminal history category of VI, resulted in a guidelines imprisonment range of 110 to 137 months. At sentencing, the district court upwardly departed by four levels based on Titus's extensive criminal history, U.S.S.G. § 4A1.3(a)(1), bringing Titus's guidelines sentencing range to 151 to 188 months. The court sentenced Titus to two concurrent 180-month prison terms.

Titus challenges the upward departure, arguing that it resulted in a sentence that was greater than necessary to achieve the purposes of sentencing as outlined in 18 U.S.C. § 3553(a). He contends that because the Guidelines treat crack offenses, like his, more harshly than offenses involving powder cocaine, a high-end guidelines sentence would have been sufficient to take into account his criminal history. We review for reasonableness a district court's decision to upwardly depart from the guideline range. *United States v. Zuniga–Peralta*, 442 F.3d 345, 347 (5th Cir.2006). Because Titus did not raise this issue at sentencing, our review is for plain error. *See United States v. Mondragon–Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, —— U.S. ——, 130 S.Ct. 192, 175 L.Ed.2d 120 (2009). Contrary to Titus's suggestion, nothing requires a district court to consider the disparity between sentences for offenses involving crack and powder cocaine, *see United States v.*

*Duarte*, 569 F.3d 528, 530 (5th Cir.), *cert. denied*, —— U.S. ——, 130 S.Ct. 378, 175 L.Ed.2d 231 (2009), much less does failure to do so amount to plain error. *See Mondragon–Santiago*, 564 F.3d at 367–68.

Moreover, the record supports the district court's finding that Titus's criminal history score underrepresented his past conduct. Titus's criminal history score was three points higher than the score required to put him in category VI—the highest criminal history category. *See United States v. Lee*, 358 F.3d 315, 328 (5th Cir.2004). Over a dozen convictions were omitted from that score, including one for assaulting a police officer and three other assault convictions. Accordingly, the court did not err in departing upward based on Titus's extensive criminal history and its finding that Titus was not likely to stop his criminal conduct. *See Zuniga–Peralta*, 442 F.3d at 347.

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.